# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:94-CR-65-RLV-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLES W. ALLISON, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the government's "Application For Writ Of Continuing Garnishment" (Document No. 45) and "Notice Of Garnishment And Instructions" (Document No. 46), filed September 26, 2006; "Instructions To Criminal Defendant Clerk's Notice Of Post-Judgment Garnishment..." (Document No. 47), filed September 27, 2006; "Response To Application For Writ Of Continuing Garnishment And Defendant's Objection To Venue And Jurisdiction" (Document No. 49), filed October 13, 2006; "Government's Memorandum In Support Of Application For Writ of Garnishment" (Document No. 50), filed March 9, 2007; "Defendant Charles W. Allison's Memorandum In Opposition..." (Document No. 51), filed March 16, 2007; "Government's Submission Of Additional Authority" (Document No. 52), filed April 6, 2007; and "Defendant's Response In Opposition To The Government's Submission Of Additional Authority." This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review.

Having carefully considered the papers, the record, and the applicable authority, the undersigned will <u>grant</u> Defendant's request to transfer venue to the U.S. District Court, Western

District of Tennessee.

## I. BACKGROUND

Defendant pleaded guilty to wire fraud in the underlying action and criminal judgment was entered October 24, 1995. Defendant was sentenced to eighteen months incarceration and three years of supervised release. He was also ordered to pay $554,371.40 in restitution.

On August 27, 1999, the Court allowed a modification of conditions that ended Defendant's supervised release. (See Document No. 44). The modification included a supporting statement from a U.S. Probation Officer that Defendant had made, and would continue to make, $150 monthly payments toward his restitution.

There was no further action in this case until the government filed its "Application For Writ Of Continuing Garnishment" (Document No. 45) on September 26, 2006. Defendant then made timely objections to venue, jurisdiction and the garnishment sought by the government. The case was referred to the undersigned Magistrate Judge on November 11, 2006. On February 22, 2006 the undersigned held a telephone status conference and requested that the parties submit supplemental briefs to the Court. Following the submission of additional memoranda and authority, and corresponding opposition, this matter is ripe for review.

## II. STANDARD OF REVIEW

Upon a defendant's motion, the court may transfer a proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice. Fed.R.Crim.P. 21(b). The decision whether to transfer a case is committed to the sound discretion of the district court. See United States v. Espinoza, 641 F.2d 153, 162 (4th Cir.1981), cert. denied, 454 U.S. 841 (1981).

Furthermore, and specifically addressing the current issue, in an action to enforce judgment pursuant to 28 U.S.C. 3202(b), the notice shall include the following language:

> If you think you live outside the Federal judicial district in which the court is located, you may request, not later than 20 days after your [*sic*] receive this notice, that this proceeding to take your property be transferred by the court to the Federal judicial district in which you reside. You must make your request in writing, and either mail it or deliver it in person to the clerk of the court at [address]. You must also send a copy of your request to the Government at [address], so the Government will know you want the proceeding to be transferred.

### III. DISCUSSION

In the instant case, Defendant filed his "Response to Application For Writ Of Continuing Garnishment And Defendant's Objection To Venue and Jurisdiction" (Document No. 49), along with a supporting affidavit (Document No. 49-2) on October 13, 2006, within twenty (20) days of the Government's "Application For Writ Of Continuing Garnishment" (Document No. 45), filed September 26, 2006. Defendant objects to venue in the Western District of North Carolina as an inconvenient forum. Although the delays in dispensing with this matter are regrettable, the law appears clear that this case should be immediately transferred to the U.S. District Court, Western District of Tennessee. Therefore, without reaching the merits of the garnishment dispute, the undersigned will order that venue in this case be transferred.

28 U.S.C. § 3004(b)(2) provides: "If the debtor so requests, within 20 days after receiving the notice described in section 3101(d) or 3202(b), the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." The Government has noted that "the language of the notice, including the twenty day provision" is found in 28 U.S.C. § 3202(b), and such language was included in the "Instructions To

3

Criminal Defendant Clerk's Notice Of Post-Judgment Garnishment..." (Document No. 47). (See Document No. 52 at 1). Following the statutory provisions, Defendant made timely objections to venue in this district. Furthermore, Defendant filed an affidavit stating that he had been a continuous resident of Humboldt, Tennessee for seven (7) years or more. The Government has not disputed or challenged Defendant's residency in Tennessee.

In its "...Submission Of Additional Authority" (Document No. 52), the Government seems to concede the venue issue - "[t]echnically, therefore it appears Defendant would be entitled to raise appropriate defenses to the garnishment action in his home district." The undersigned can find no compelling reason for this Court to maintain jurisdiction, and is inclined to believe that the interests of justice are best served if Defendant is allowed to challenge this garnishment action in a more convenient forum, his home district, the Western District of Tennessee.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that this case shall be transferred to the Western District of Tennessee.

Signed: August 28, 2007

David C. Keesler
United States Magistrate Judge

4